### HENDERSON v CLOUNCH

Ohio Appeals, 2nd Dist, Franklin Co

No 2572. Decided Oct 9, 1935

L. P. Henderson, in propria persona, Columbus, for plaintiff in error.

Charles B. Cranston, Columbus, for defendant in error.

## OPINION

By BODEY, J.

It is our opinion that the foregoing return in this case is conclusive. It purports to speak the truth. The statement of fact which it contains may not be rebutted by oral testimony. Consequently, we find no merit in the first contention of plaintiff in error.

We find no error in the overruling of the several motions to dismiss which were filed by the plaintiff in error. We find no error prejudicial to the plaintiff in error in the admission or rejection of testimony and evidence. It occurs to us, however, that a great deal of the testimony which is before this court could have been eliminated from the consideration of the jury. Much of this evidence had to do with the contractual relations existing between Mrs. Trowbridge and her attorney, the plaintiff in error. A great deal of testimony was also

introduced concerning the circumstances which surrounded the purchase of this automobile by the defendant in error. It should be borne in mind in the trial of such a case that the one question for determination is whether or not the defendant unlawfully detains the possession of chattel property from a plaintiff who is entitled to the immediate possession thereof. Evidence which does not tend to establish the claim of the plaintiff or the defense of the defendant can be of no probative value. No exception appears to have been taken to the general charge of the court on the law. Whether or not error intervened in that charge is therefore not before us.

We are inclined to the view, however, that there is prejudicial error appearing in the record. We do not believe that the petition of the plaintiff below should have been amended in such a manner as to permit a prayer for the value of the plaintiff's interest in this automobile. We have carefully examined the statutes governing replevin proceedings and we do not find that such a question enters into the trial. The appraisers had already fixed the value of this automobile at $150.00. The jury was interested in whether or not the plaintiff was entitled to possession and not in the question of whether or not the car was paid for. If plaintiff below had won her replevin case, and the car was not fully paid for, Mrs. Trowbridge, who was the seller, would have had her remedy for the payment of the balance of the purchase price. That question was one to be worked out between the plaintiff below and the person from whom she purchased this automobile. It has already been stated that no re-delivery bond was given by the defendant in this case. That being true, if the plaintiff below was successful in the trial, under the statutes she was entitled to the automobile, which, according to the return of the bailiff, was then in his custody, and also damages for the wrongful detention of the same. Since the plaintiff below had executed to the bailiff a delivery bond in twice the appraised value of the property, and no re-delivery bond was given, she could have no election to take the value of the property in the event that she won her case. On the other hand, if a re-delivery bond had been given by the defendant below, he would thereby have retained the automobile in his possession. Under such a condition, if the plaintiff had been successful she could have elected to take either the automobile or the value which had been fixed thereon by the appraisers. When the trial court permitted the petition to be amended, a foundation was laid for error in the form of the verdict which was submitted to the jury. In conformity to the statements just made concerning the rights of the plaintiff, it follows that the proper verdict which should have been submitted to this jury would have read substantially thus:

We, the jury in this case, being duly impaneled and sworn, do find that the right of property and possession in said goods and chattels when this action was commenced was in the plaintiff, and we do assess his damages in the premises at ...... dollars.

If this case is again tried and the verdict is for plaintiff and damages are awarded, judgment thereon should be rendered against the plaintiff in error. If the evidence warrants, this would be a proper procedure. However, in the case as it was tried, the jury found the value of the plaintiff's interest in this automobile to have been $50.00, and judgment in that amount on the verdict was rendered against the defendant below. This was prejudicial error. The trial should have proceeded as one for damages rather than as one for the value of the property. A reference to the sections of our Code which govern replevin procedure in both the Court of Common Pleas and the Justice's Court will sustain this holding. See §§10475 et seq. and 12068 et seq. GC.

It is also claimed that the trial court erred in failing to give certain special requests of the defendant in error to the jury. We do not find that these requests were pertinent to the case under consideration. They were each properly refused. No prejudicial error intervened by reason of the refusal of the trial court to give these requests.

We have now passed upon all the specifications of error set forth by the petition in error to the Common Pleas Court.

Due to the error herein pointed out, which we hold to be prejudicial to the rights of the plaintiff in error, it is our judgment that the case should be reversed. It is therefore the order of the court that the action of the Common Pleas Court in affirming the Municipal Court be reversed and that this cause be remanded for such proceedings as may be authorized by law.

Exceptions. Entry may be drawn accordingly.

BARNES, PJ, and HORNBECK, J, concur.